UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMGAD ABDOU,<br><br>　　　　　　　　　Defendant. | 24-CR-702 (RA)<br><br>MEMORANDUM<br>OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

The Court assumes the parties' familiarity with the facts and procedural history of this matter, and sets forth only that necessary for the instant Memorandum Opinion and Order. Defendant Amgad Abdou was arrested on August 20, 2024 and released on an appearance bond. Dkt. 4; Dkt 5. A week after his arrest, Abdou tested positive for substances including fentanyl, codeine, morphine, Xanax, and trazadone, and was remanded into custody. Dkt. 34 ("Def's Sentencing Submission"), at 3. Abdou then spent a month in jail, and five months in an in-patient treatment program, which he successfully completed. *Id.* On March 26, 2025, Abdou pled guilty to one count of wire fraud pursuant to a plea agreement, with a guideline range of 24 to 30 months. Dkt. 45 ("Sentencing Tr.") at 4:15–20. On July 7, 2025, this Court sentenced Abdou to 24 months' imprisonment, the bottom of the applicable guideline range, to be followed by three years of supervised release. Dkt. 38.

Abdou moved, on July 8, 2025, for a reduction of the sentence the Court imposed to account for the time Abdou spent in inpatient residential treatment prior to his sentencing, Dkt. 39 ("Def's Br."), which the Government opposed. Dkt. 41 ("Gov. Opp'n"). Abdou then submitted a letter responding to the Government's opposition. Dkt. 44 ("Def's Reply"), and further requested

that the Court resolve his motion before his voluntary surrender date on December 1, 2025. Dkt. 47. For the reasons that follow, the Court denies Abdou's motion.

Abdou grounds his motion in 18 U.S.C. § 3582(c)(1)(A), which provides that the Court may "reduce the term of imprisonment" (1) for a defendant who has exhausted their administrative remedies with the Bureau of Prisons, (2) where the Court finds "extraordinary and compelling reasons for such a reduction," (3) "after considering the factors set forth in section 3553(a)," and (4) where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." [1] 18 U.S.C. § 3582(c)(1)(A). "If the court finds that any one of these conditions—administrative exhaustion, satisfaction of the § 3553(a) factors, and extraordinary and compelling reasons—are not met, it need not address the others." *United States v. Robinson*, No. 10-CR-789 (NGG), 2022 WL 16924176, at *2 (E.D.N.Y. Nov. 14, 2022).

As a preliminary matter, Abdou's motion is premature because he is not yet in the custody of the BOP: Abdou's voluntary surrender date is next week. Other courts in this Circuit have held that Section 3582 "applies only to those defendants who have begun serving their term of imprisonment at a BOP facility" because, under the Section's exhaustion provision, a defendant must first seek administrative relief from the BOP before petitioning a court for a reduction of his term of imprisonment. *United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020); *see United States v. Spruill*, No. 3-18-cr-0022-10 (VLB), 2020 WL 2113621, at *3 (D. Conn. May 4, 2020). Abdou has not yet sought such relief from the BOP. Def's Br. at 1.

---

[1] The applicable policy statement for compassionate release is found in U.S. Sentencing Guidelines § 1B1.13 and its commentary. "The current iteration of this policy statement provides specific examples of what might suffice to establish an "extraordinary and compelling" reason: (1) a defendant's medical circumstances; (2) a defendant's age; (3) a defendant's family circumstances; and (4) abuse suffered by the defendant while in custody." *United States v. Diaz*, 779 F. Supp. 3d 226 (N.D.N.Y. 2024); *see* U.S.S.G. § 1B1.3. The policy statement includes a catchall provision allowing a court to consider "other reasons" which, when considered alone or in combination with the enumerated reasons, qualify as extraordinary and compelling if they are "similar in gravity" to the enumerated reasons. U.S.S.G. § 1B1.3(b)(5).

But even if his motion were timely, Abdou has not raised appropriate grounds for relief under Section 3582.  Abdou primarily argues that his time in inpatient treatment—which, on his telling, was confinement "akin to incarceration"—is an extraordinary and compelling reason to grant a reduction in his sentence.  Def's Reply at 3; Def's Br. at 1.  A court has "discretion to consider whether any reasons" stated by a petitioner in support of a reduction in sentence "are extraordinary and compelling."  *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).  Abdou has put forth no extraordinary and compelling reason to justify a such a reduction.  Importantly, Abdou detailed his participation in inpatient treatment in his sentencing submission.  Def's Sentencing Submission at 3.  And as both Abdou and the Government recognize, the Court explicitly acknowledged Abdou's participation in inpatient and outpatient drug treatment programs during his sentencing.  Sentencing Tr. 23:15–19; Def's Br. at 1; Gov. Opp'n at 5.

As Judge Caproni explained in *United States v. Ebbers*, "[w]hat justifies compassionate release is a finding that new mitigating 'extraordinary and compelling' circumstances exist to reduce that sentence; it is not an opportunity to second guess or to reconsider whether the original sentence was just."  432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020).  The conditions and circumstances of Abdou's sentence, in short, were "what the Court anticipated at the time of sentencing," and Abdou has provided no new information about mitigating circumstances which would justify a reduction in that sentence. *See United States v. Peterkin*, 05-CR-538-02 (JSR), 2021 WL 1948513, at *1 (S.D.N.Y. May 13, 2021).

Furthermore, even if Abdou had presented an extraordinary and compelling reason justifying relief, the Section 3553(a) factors counsel against a reduction in his sentence.  These factors were considered at Abdou's sentencing, in full view of his participation in inpatient treatment, and he has not offered any new information which would change the Court's consideration of these factors.  Sentencing Tr. at 23:15–24:10; *see United States v. Jones*, 17 F.

4th 371, 374–75 (2d Cir. 2021).  At sentencing, the Court placed particular emphasis on the serious, "cynical nature" of Abdou's crime, as well as "ongoing concern[s] about recidivism."  *Id.* at 21:11–17, 24:5–10.  Neither concern has been ameliorated since his sentence was imposed earlier this year.

Abdou's motion for a reduction in his sentence is therefore denied.  The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 39 and Dkt. 47.

SO ORDERED.

Dated:     November 26, 2025
           New York, New York

Ronnie Abrams
United States District Judge