UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                          24-CR-702 (RA)

AMGAD ABDOU,                                                ORDER

Defendant.

RONNIE ABRAMS, United States District Judge:

Before the Court is Defendant Amgad Abdou's application for a recommendation to the

Bureau of Prisons ("BOP") that he serve the final six months of his sentence in a Residential

Reentry Center ("RRC"). *See* Dkt. 49 ("Def. Mot.") at 1.  On July 7, 2025, after Abdou pled guilty

to one count of wire fraud, the Court sentenced him to 24 months' imprisonment, to be followed

by three years of supervised release.  Dkt. 38.  Abdou is currently serving his sentence at Federal

Correctional Institution Schuylkill and is scheduled to be released, assuming he fully earns future

First Step Act credit, on March 3, 2027.  Dkt. 54 ("Gov. Opp'n") at 2 & n.1; *see id.*, Ex. A, at 2.

On February 24, 2026, Abdou's unit team at FCI Schuylkill recommended that he serve the final

60 days of his term (beginning on January 4, 2027) in an RRC or on home confinement.  Gov.

Opp'n at 2.  That recommendation was approved by the Warden on March 4, 2026.  *Id.*

Although authority to designate a prisoner's place of imprisonment is vested with the BOP,

*see* 18 U.S.C. § 3621(b), a court may issue "non-binding recommendations."  *United States v.

Britton*, 2020 WL 6146861, at *1 (E.D.N.Y. Oct. 16, 2020).  Pursuant to the Second Chance Act,

the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment

spends a portion of the final months of that term (not to exceed 12 months), under conditions that

will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that

prisoner into the community.  Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1); *see also United States v. Accardi*, 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) ("[T]he BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC." (quotation omitted)).[1]  The BOP also has the statutory authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  *Id.* § 3624(c)(2).  It must consider five statutory factors in exercising its placement authority:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . concerning the purposes for which the sentence to imprisonment was determined to be warranted; or . . . recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission.

*Id.* § 3621(b).  The BOP evaluated these factors when it recommended that Abdou spend a term of 60 days in an RRC or home confinement.[2]  Abdou's unit team determined that:

> 1. There are available RRC's in his release area.  2. There are no extenuating circumstances that would preclude placement.  3. He does have an established residence and community ties.  His sentence was 24 months, and he has been removed from the community for the time period.  Therefore, an RRC placement date of January 4, 2027, should be an adequate amount of time for him to take full advantage of the transitional programs and services.  4. There were no statements on the J&C from the sentencing court in the Southern District of New York regarding RRC placement at the time of sentencing.  5. There are no pertinent policies by the US Sentencing Commission.

Gov. Opp'n, Ex. A.

Abdou now moves the Court for a judicial recommendation that he spend the last six months of his sentence in an RRC, rather than the 60 days approved by BOP.  In support of this

---

[1] An RRC is a type of "community correctional facility," as that term is used in Section 3624.  *See United States v. Henderson*, 2019 WL 1460402, at *2 n.2 (S.D.N.Y. Mar. 18, 2019).

[2] As the Government notes, if Abdou is ultimately placed in home confinement, "[t]he recommended 60-day placement is slightly below the maximum home confinement term permitted by statute, which would be ten percent of Abdou's 24-month sentence."  Gov. Opp'n at 3.

request, he cites his "exceptional rehabilitation," "continued substance abuse treatment," the fact that he "is the only available caregiver who, upon release, would have sufficient time and ability to care for his elderly mother," and the "imminent risk of losing his only residence" without "the ability to work[] and pay his mortgage and maintenance obligations." Def. Mot. at 2–4; *see* Dkt. 55 ("Def. Repl.") at 3–4. The Government opposes this request, maintaining that Abdou provides "no reason to second-guess" the BOP's determination and that he does not otherwise demonstrate a "heightened need for transitional services." Gov. Opp'n at 3.

"[E]ven though district courts occasionally offer such recommendations, they more often decline to independently recommend placement in an RRC, finding BOP better suited to make decisions based on inmates' records and RRCs' availability." *United States v. Wannamaker*, 2020 WL 7263508, at *1 (S.D.N.Y. Dec. 10, 2020) (cleaned up). *Compare United States v. Venkataram*, 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016) (declining to issue such a recommendation), *and United States v. McBride*, 2020 WL 1905253, at *1 (W.D.N.Y. Apr. 17, 2020) (same), *with United States v. Engleson*, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (issuing such a recommendation during the COVID-19 pandemic).

The Court has no objection to Abdou's placement in an RRC or home confinement. It has not been provided, however, with a satisfactory reason to second-guess the BOP's "considered judgment" in recommending a 60-day placement. *Britton*, 2020 WL 6146861, at *2; *see also United States v. Ballis*, 2007 WL 4116166, at *3 (S.D.N.Y. Nov. 16, 2007) (noting that the "premise" of Section 3521(b) is "to give the BOP maximum scope to exercise its expertise and discretion on an individualized basis, to determine the best placement for each individual prisoner"). While the Court commends Abdou for his efforts at rehabilitation and participation in substance abuse treatment programs, he largely marshals considerations in support of his motion that would be "generally applicable to large swaths of the prison population." *McBride*, 2020 WL

1905253, at *1; *see also United States v. Dove*, 2012 WL 13186384, at *1 (N.D.N.Y. July 12, 2012) (declining to issue such a recommendation where defendant claimed his placement in a RRC would allow him to "secure housing, employment and re-establish his ties with family and the community.").[3]

Abdou's application is, therefore, denied.  The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 49.

SO ORDERED.

Dated:    June 29, 2026
          New York, New York

Ronnie Abrams
United States District Judge

---

[3] In his reply, Abdou appears to argue that the BOP erred when it "treated [Abdou's] residence as a reason to reduce RRC placement," even though "Mr. Abdou presented evidence that the residence is precisely what needs to be preserved through RRC placement."  Def. Repl. at 2.  But the Court may not pass on the merits of BOP's RRC determination, as "discretionary decisions made by the BOP pursuant to its authority under § 3621(b) [ordinarily] are not subject to judicial review."  *Fullenwiley v. Wiley*, 1999 WL 33504428, at *1 (N.D.N.Y. Oct. 5, 1999); *see* 18 U.S.C. § 3625.  "[F]or a court to order the BOP to reconsider its placement recommendation, it must find that the BOP has abused its discretion by failing to consider the statutory factors."  *Owusu-Sakyi v. Terrell*, 2010 WL 3154833, at *5 (E.D.N.Y. Aug. 9, 2010).  The BOP has appropriately considered the Section 3621(b) factors here.